UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-297-CAS (KK) | Date: | February 17, 2021 |
|---|---|---|---|
| Title: | *Timothy A.*[1] *v. Andrew M. Saul* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders

## I.
## BACKGROUND

On January 13, 2021, Plaintiff Timothy A. ("Plaintiff") filed a Complaint challenging the denial of Plaintiff's application for Title II Disability Insurance Benefits and/or Title XVI Supplemental Security Income by the Commissioner of the Social Security Administration ("Defendant"). ECF Docket No. ("Dkt.") 1.

On January 14, 2021, the Court issued a Case Management Order ("CMO") instructing Plaintiff to "promptly serve the summons and complaint on the Commissioner," and to "electronically file a proof of service" within thirty (30) days after the filing of the Complaint, i.e. no later than February 16, 2021. Dkt. 7 at 1–2. The CMO warned Plaintiff that failure to follow those instructions "may result in dismissal of this case." Id. at 2.

As of the date of this Order, Plaintiff still has not filed a proof of service, per the Court's CMO.

///

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order. See FED. R. CIV. P. 41(b).

Here, Plaintiff has failed to file a proof of service of the Complaint, and thus failed to comply with the Court's CMO. Consequently, under Rule 41(b), the Court may properly dismiss the instant action without prejudice for failure to prosecute and comply with a court order. Bennett v. Colvin, No. CV 12-10317-PA (PJW), 2013 WL 3233420, at *1 (C.D. Cal. June 26, 2013) (dismissing pro se social security action under Rule 41(b) where plaintiff failed to file proof of service on defendant despite court order). However, before dismissing this action, the Court will afford Plaintiff an opportunity to explain Plaintiff's failure to file a proof of service as directed by the CMO.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have up to and including **February 24, 2021**, to respond to this Order. **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of this action without prejudice.**

**IT IS SO ORDERED.**